IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RUSSELL GAITHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CV 620-021 |
| DR. WINCHELL; DR. FAULKS; ) | |
| DR. OCCHIPINIT; MR. GRACH; and ) | |
| DR. GUL, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 6), and this action be **DISMISSED** without prejudice.

**I.  BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Gaither v. Archar, CV 315-043, doc. nos. 18, 27 (S.D. Ga. Aug. 25, 2015) (dismissing without prejudice for failure to disclose litigation history)[1]; (2) Gaither v. Pullin, 5:14-CV-00260-MTT-CHW, doc. no. 6 (M.D. Ga. Aug. 21, 2014) (dismissing for failure to state a claim); and (3) Gaither v. Chapman, 3:13-CV-00125-CAR-CHW, doc. no. 5 (M.D. Ga. Dec. 9, 2013) (dismissing for failure to state a claim); see also Gaither v. State of Ga., CV 619-049, doc. nos. 34, 35 (S.D. Ga. Feb. 14, 2020) (recounting history of § 1915(g) case dismissals based on three strikes); Gaither v. Hooks, CV 616-009, doc. nos. 17, 26 (S.D. Ga. Sep. 26, 2016) (dismissing for three strikes under § 1915(g); dismissal also recommended for failure to state a claim); Gaither v. Arthur, CV 316-

---

[1] Dismissal for abuse of judicial process qualifies as a strike under § 1915(g). Rivera, 144 F.3d at 731.

010, doc. nos. 12, 18 (S.D. Ga. Apr. 26, 2016) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.    Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, on December 18, 2019, Plaintiff signed his complaint and then filed it in the Middle District of Georgia. (Doc. no. 1, pp. 1, 6.) The complaint primarily details Plaintiff's dissatisfaction with his ongoing medical treatment and physical therapy for an ankle that experiences "popping and bone rubbing" after surgery performed to remove hardware. (Id. at 4.) Plaintiff complains the ankle is stiff, and he does not have full range of motion. (Id. at 4-5.) The Court recently determined Plaintiff's complaints about his ankle do not bring him within the imminent danger exception to § 1915(g). See Gaither v. State of Ga., CV 619-049 (S.D. Ga. Feb. 14, 2020); see also Gaither v. Hooks, CV 616-009 (S.D. Ga. Sep. 26, 2016). Nothing in the current complaint convinces the Court otherwise, particularly because Plaintiff does not allege complete withdrawal of treatment. Cf. Brown v. Johnson, 387 1344, 1351 (11th Cir. 2004). He simply prefers a course of treatment more to his liking.

In sum, Plaintiff's conclusory allegations of harm are insufficient to establish imminent danger of serious physical injury. See id. at 1350 (citing with approval Eighth Circuit precedent rejecting conclusory allegations as insufficient to satisfy imminent danger

3

exception); <u>Odum v. Bryan Judicial Circuit</u>, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008). Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 6), and this action be **DISMISSED** without prejudice. Because Plaintiff is not entitled to proceed with this case, the Court also **REPORTS** and **RECOMMENDS** that his motion for appointment of counsel be **DENIED AS MOOT**. (Doc. no. 9.) If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 26th day of February, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA