FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 24 PM 3:00
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV 620-021 |
| DR. WINCHELL; DR. FAULKS; | ) | |
| DR. OCCHIPINIT; MR. GRACH; and | ) | |
| DR. GUL, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 15, pp. 2-6; doc. no. 17.) The Clerk of Court transmitted a Notice of Appeal to the Eleventh Circuit Court of Appeals based on the filing containing the objections. (See doc. nos. 10, 15, 16.) Plaintiff's appeal to the Eleventh Circuit regarding the transfer of the case from the Middle District of Georgia to the Southern District of Georgia does not divest this Court of jurisdiction to proceed.[1]

---

[1] Although filing a notice of appeal generally deprives a district court of jurisdiction over the issues involved in an appeal, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (*per curiam*) (citing United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979) (*en banc*)). The order transferring this case to the Southern District of Georgia is not interlocutorily appealable. See McIntosh v. Cooper Tire & Rubber Co., No. 1:08-CV-164 (WLS), 2009 WL 10674375, at *1 (M.D. Ga. Oct. 27, 2009).

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis* (doc. no. 6), **DENIES AS MOOT** the motion for appointment of counsel (doc. no. 9), and **DISMISSES** this action without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 24th day of March, 2020, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA